# WILLIAM O. CLARK v. FRANK PAQUETTE.

## JANUARY TERM, 1894.

*Equity. Allegation of adverse user. Notice of mortgage to be executed.*

1. An allegation that the defendant has, for more than fifteen years, "at all times as needed by him and as his business required, used the open space between the Blaisdell store and his property on the west to get to the rear of his buildings as it was necessary for him to do, and without objection upon the part of the owners or occupants of the Blaisdell store," does not state facts from which a right of way by adverse user against the owners of the Blaisdell store would be gained.

2., The mere fact that the grantee of a portion of certain premises knows that a mortgage is about to be executed upon those premises, is no reason why his grant should be subject to such mortgage when subsequently executed.

Petition in chancery to foreclose the equity of the defendant in certain premises. Heard at the April term, 1893, Franklin county, upon bill and answer. THOMPSON, chancellor, decreed according to the prayer of the bill. The defendant appeals.

The bill alleged that on July 26, 1884, George M. Blaisdell, William H. Blaisdell, and Mary E. Blaisdell were the owners in fee of certain real estate in the village of St. Albans, being a brick store and lot on the south side of Fairfield street; said lot being fifty feet front and seventy-three feet deep, and bounded on the south and west by lands of the defendant; that being so seized in fee they mortgaged

the said property to one Post on said July 26, to secure the payment of a note for one thousand dollars; that said note was not paid according to its tenor, and that on March 22, 1889, the administrator of Post foreclosed the mortgage, making the Blaisdells and one S. B. Clark parties defendant; that at the April term of the Franklin County Court, 1889, a decree of foreclosure was obtained, which subsequently became absolute.

That on July 23, 1886, the said Blaisdells mortgaged said premises to the said S. B. Clark to secure payment of a note for five hundred dollars, and that on the 30th day of April, 1888, the said Blaisdells executed another mortgage of said premises to the said Clark to secure the payment of another note for the sum of five hundred dollars; that the two last named notes not having been paid, the orator, William O. Clark, who had become the owner of said notes, and had also taken an assignment of the Post decree, began a foreclosure against said premises returnable to the September term, 1890, of the Franklin County Court, to which the said Blaisdells were made defendants, and that such proceedings were had that a decree of foreclosure was entered against said defendants at that term, which subsequently became absolute before the bringing of this bill.

That April 13, 1888, the said Blaisdells conveyed to the defendant, by deed, a piece of land three feet wide, off the south side of the aforesaid lot, across the entire width of the lot, and also conveyed to him a right of way along the west side of said premises; that the defendant then had full knowledge of the state of the title to said property and knew that the third mortgage to S. B. Clark, which was in fact executed April 30, 1888, was about to be executed, that when the orator brought his bill and obtained his decree against the premises he had no knowledge of this conveyance to the defendant, nor that the defendant claimed any interest in the premises.

The petition prayed that the interest of the defendant in the premises be foreclosed unless he paid the amount of said decrees on or before a day certain.

The defendant answered that on January 31, 1866, he became the owner of the real estate, which he still owned, adjoining the premises in question on the west and south, and that he occupied his premises for the purpose of carrying on the stove and tin business and had so occupied them ever since; that he had,

"Since said 31st day of January, A. D. 1866, at all times, as needed by him and as his business required, used the open space between the Blaisdell store, or shop, and his property on the west, as it was necessary for him to do, and without any objection on the part of the owners or occupants of the said Blaisdell's shop or store, and to deprive him now of that right would involve him in ruin."

That he received a deed from said Blaisdells, dated April 13, 1888, and forthwith recorded the same, and that these facts were well known to the owners and occupants of the Blaisdell store.

*Farrington & Post* for the orator.

The answer does not state such facts as would give the defendant a right of way by adverse use. *Plympton* v. *Converse*, 44 Vt. 158-164; *Plympton* v. *Converse*, 42 Vt. 712; *O'Neil* v. *Blodgett*, 53 Vt. 213.

*Edson & Edson* and *H. C. Adams* for the defendant.

TYLER, J. This case is heard upon the bill and answer. The defendant should be decreed to redeem the premises by paying the Post mortgage and the mortgage of July 23, 1886, unless there is an averment in the answer that, prior to July 26, 1884, when the Post mortgage was executed, the defendant had acquired a right of way across the premises by adverse use. The averment is that

"The defendant has, since January 31, 1866, at all times as needed by him and as his business required, used the open space between the Blaisdell store and his property on the west to get to the rear of his buildings, as it was necessary for him to do, and without objection on the part of the owners or occupants of the Blaisdell shop or store."

No act is alleged appropriating any particular portion of the open space exclusively to himself. No particular route is described. It is only alleged that the defendant had passed over the open space when his business required, during the time named, without objection by the owners of the soil. It is not alleged that the use was under a claim of right. From the facts that it was an open space and that the defendant passed over it without objection from the owners of the dominant estate, an adverse use is not presumable. Such use as the defendant enjoyed may have been by permission from the owners. *Plimpton* v. *Converse*, 44 Vt. 158 and cases there cited.

The defendant acquired title by deed to the right of way prior to the execution of the third mortgage. His knowledge that the mortgage was about to be executed could not affect that title when acquired.

*Decree reversed and cause remanded, with mandate that the defendant may redeem the premises by paying the amount of the first and second mortgages.*