# WILLIAM O. CLARK v. FRANK PAQUETTE.

JANUARY TERM, 1895.

*Mortgagee in possession.    Liability for rents.*
*Right of way.*

1. A mortgagee in possession, who buys in the equity of redemption, is liable for rents upon redemption by a subsequent mortgagee.

2. If the owner of two mortgages forecloses them both in one petition and occupies the premises under the decree obtained, he is liable for rents as to one having an interest between his two mortgages and not made a party to his foreclosure proceedings.

3. And the right to the application of rents is the same although the interest is only a right of way across the premises.

Petition of foreclosure. Heard upon the pleadings and a master's report at the September term, 1894, Franklin county. ROWELL, chancellor, held that the orator account for the rents and profits and decreed accordingly. The orator appeals.

In 1884 George Blaisdell and others mortgaged the premises in question to one Post. This mortgage was foreclosed at the April term, Franklin county, 1889, and the decree then entered became absolute.

In 1886 the same parties mortgaged the premises to one Clark. April 30, 1888, they executed another mortgage of the same premises to the same Clark. These mortgages were foreclosed at the September term of the Franklin County Court, 1890. The decree obtained in that suit be-

came absolute June 1, 1891, and the petitioner Clark then took possession of the premises and continued in the possession thereof down to the time of the hearing before the master in this case.

April 13, 1888, the said Blaisdell and others conveyed to the defendant Paquette a right of way across the premises three feet in width, and this deed was duly recorded before the execution of the last mortgage to Clark. Paquette was not made a party to the foreclosure proceedings by Clark against the Blaisdells.

Clark was made a party to the petition for the foreclosure of the Post mortgage, he being at that time a subsequent mortgagee, and after that decree became absolute he purchased and took an assignment of the same. In the foreclosure proceedings subsequently brought by him against the Blaisdells, the fact of the purchase and assignment of this decree to him were set forth.

The orator insisted that he ought not to account for the rents which he had derived from the premises after taking possession under his decree. The master found that such profits amounted to the sum of three hundred eighty-seven dollars and sixty-two cents, and the chancellor decreed that the orator should account therefor.

*Farrington & Post* for the orator.

*H. C. Adams* for the defendant.

If a person holding the first mortgage buys in the equity of redemption, he must account for rents and profits to a subsequent mortgagee. *Gibson* v. *Gahore*, 5 Pick. 140, 158; *Gladding* v. *Warner*, 36 Vt. 54.

MUNSON, J. We are called upon to determine whether the rents and profits received by the orator should be applied in reduction of the incumbrances from which the

·defendant is to redeem the property. When this case was before us upon bill and answer it was remanded with a mandate which permitted the defendant to redeem by paying ·the amount of the first and second mortgages. 66 Vt. 386. It is clear that the amount contemplated by the mandate was the amount which might be found due upon such an ·accounting as the defendant was entitled to. If the defend-' ant is equitably entitled to have the rents and profits applied in reduction of the mortgages, he is not precluded there-from by the form of the mandate.

The orator took possession of the property at the expira-tion of the time allowed for redemption under the second ·decree. This decree covered both the second and third ·mortgages, one of which was prior and one subsequent to the defendant's deed. If the orator's possession is to be treated as that of a purchaser of the equity by virtue of his foreclosure of the third mortgage, he is not liable to account to the defendant for the rents and profits. But if his pos-·session is to be treated as that of a mortgagee by reason of his rights under the second mortgage, then the defendant is ·entitled to the benefit of the rents and profits, as the grantee ·of an interest in the equity which remained in the mortgagor ·after the second mortgage was executed.

When one who is already in possession as mortgagee pur-·chases the equity of redemption, he is held to continue in possession as mortgagee notwithstanding his purchase, and to be accountable to a subsequent mortgagee for the rents and profits of his entire occupancy. 2 Jones, Mort., s. 1118; *Harrison* v. *Wise*, 24 Conn. 1; 63 Am. Dec. 151. This case differs from the one cited, in that the orator, at the time he took possession, had become the owner ·of the ·equity by his foreclosure of the third mortgage, which was ·the last conveyance made by the mortgagor. But inasmuch ·as the orator blended the second and third mortgages in one ·foreclosure, and entered for the non-payment ·of a decree

which embraced both, we think his possession must be referred, in determining the rights of the defendant, to the second mortgage.

It is further insisted that, inasmuch as the defendant has no other interest in the premises than a right of way across them, he ought not to be allowed the earnings of the property in aid of a redemption. But no satisfactory ground is suggested on which it can be held that the nature of the defendant's interest takes the case out of the general rule governing the rents and profits of redeemable premises. It is said that a mortgagee in possession must account for the rents and profits upon a redemption of the premises by any one interested in them. 2 Jones. Mort., s. 1114. There is nothing in the character of a mortgagee's possession that suggests the possibility of an exception. He is treated as a bailiff of the mortgagor, and necessarily sustains the same relation to one who holds an interest in the equity by a title derived from the mortgagor.

*Decree affirmed and cause remanded.*

Ross, C. J., dissenting.