(No. 15917.—Decree affirmed.)

RICHARD L. WILLIAMS *vs.* CHARLES S. WILLISTON, Trustee, *et al.* Appellees.—(GEORGE J. WILLIAMS, Appellant.)

*Opinion filed December 16, 1924—Rehearing denied Feb. 5, 1925.*

1. MORTGAGES—*the right of redemption cannot be destroyed by stipulation.* Statutory provisions conferring the right of redemption cannot be disregarded and the right destroyed or cut off even by stipulations in the mortgage, and if the instrument is a mortgage when delivered it continues to be such, with its incidents, until the right of redemption is barred by some mode recognized by law.

2. SAME—*master's certificate of sale does not convey title.* The purchaser of land at a master's sale pursuant to a decree of foreclosure is not by his purchase or the certificate of sale issued to him vested with the title to the land but acquires the right to receive the redemption money if redemption is made within the time and in the manner prescribed by the statute, or, in case no redemption is made within that period, then to receive a master's deed.

3. SAME—*master's sale does not affect estate of the owner of equity.* Both before and after sale under a foreclosure decree the owner of the equity of redemption has the same estate in the land.

4. SAME—*acquisition of equity by purchaser at foreclosure sale does not destroy right of another to redeem.* The acquisition of the estate or interest of the owner of the equity of redemption by the holder of the certificate of sale does not destroy the right of redemption by any other person entitled thereto by the statute.

5. SAME—*when acquisition of equity by junior mortgagee does not defeat right of judgment creditor to redeem.* The acquisition of the equity of redemption by a junior mortgagee by agreement with the owner does not constitute a merger so as to defeat the right of a judgment creditor of the junior mortgagor to redeem from a foreclosure sale in which the mortgagee was purchaser, no other redemption having been made by any person entitled thereto; and where said mortgagee surrenders his certificate of sale and accepts the creditor's redemption money after acquiring the interest of the owner, he cannot claim, as against said judgment creditor, any right to the equity of redemption under a prior mortgage.

6. SAME—*when redemption may be made by one not entitled thereto.* Redemption may be made by one who has no legal right to redeem if the holder of the certificate of sale accepts the money deposited for redemption.

7. SAME—*bona fide creditor may redeem although judgment is confessed for that purpose.* If an indebtedness of the owner of the equity is *bona fide,* the fact that judgment is confessed for the express purpose of enabling the creditor to effect a redemption from the sale of the property constitutes no legal or equitable objection to the redemption, as the owner of the equity has the right to confess judgment to enable a creditor to redeem.

8. SAME—*creditor's right to redeem may be based on indebtedness incurred after expiration of debtor's period of redemption.* The judgment upon which a creditor bases his right to redeem may be recovered upon an indebtedness incurred subsequently to the expiration of the debtor's period of redemption.

9. SAME—*creditor's right to redeem is statutory.* The right of a judgment creditor to redeem does not depend upon any lien on the land but exists solely by statute.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

SLOTTOW & LEVITON, (CHARLES LEVITON, of counsel,) for appellant.

WILLIAM SLACK, for appellee A. W. Marmor.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Appellant, George J. Williams, on May 28, 1914, made his promissory note for $40,000 due in five years after its date, with interest at five per cent per annum, and to secure its payment he, with his wife, conveyed to Charles S. Williston as trustee, by a trust deed in the nature of a mortgage, certain improved real estate in the city of Chicago. On September 19, 1914, appellant and his wife conveyed the property, subject to the lien of the trust deed mentioned, to Leo Marion, and received from him, as a part of the purchase price, his eight notes, seven for $1000 each and one for $500, due, respectively, from one to eight years after their date. The payment of these notes was secured by a trust deed, also to Williston, which became a second lien on the same property. Six days later Marion conveyed

the premises to Harry A. Sultan. By *mesne* conveyances Samuel Meyerowitz acquired the title to the property, and owned it, subject to the two incumbrances, on October 28, 1918, when appellant, because of default in making the payments due him, filed a bill to foreclose the junior trust deed against Marion and others in the circuit court of Cook county. On the following day Richard L. Williams was appointed receiver. He took possession of the property and collected the rents until September 28, 1920, shortly after which date he was discharged. On August 4, 1920, upon his petition setting forth that the trust deed under foreclosure was a second lien on the premises, that the interest on the first mortgage had not been paid, and that he had moneys derived from rents in his possession which ought to be applied to that purpose, an order was entered authorizing him to pay $4000 on the interest due on the first incumbrance. A decree of foreclosure of the junior trust deed was entered on August 6, 1920. It found $11,034.50 due appellant. On September 3 following, the premises were sold to appellant for $10,000 and a master's certificate of sale was delivered to him. There was a deficit of $1391.27 due appellant, for which Marion was personally liable, and a decree was entered accordingly. On December 13, 1920, appellant and Richard L. Williams entered into a written agreement with Meyerowitz, who was then the owner of the equity of redemption, by which, among other things, after reciting the proceedings to foreclose the junior trust deed and the entry of the deficiency decree, the institution of suit to foreclose the first mortgage, and the desire of the parties to settle their differences, it was provided (1) that Meyerowitz deposit in escrow his quit-claim deed conveying to appellant all his interest in the property; (2) that the receiver, after retaining his fees, pay out of the moneys in his hands the interest due on the first mortgage, the sum due appellant on the deficiency decree, and the balance, amounting to $5329.41, to Meyerowitz; (3) that the

report of sale and the receiver's report in the suit to fore-close the junior trust deed be approved and the receiver discharged; (4) that the deficiency decree entered in that suit be satisfied of record; (5) that the suit to foreclose the first mortgage be dismissed without prejudice to its lien or the indebtedness secured thereby; and (6) that Meyerowitz be given an option, at any time prior to May 1, 1921, to discharge the two incumbrances, pay certain speci-fied charges and redeem the property by the execution of a new incumbrance in the principal sum of $35,000 and the payment of the balance due in money. It was further provided that the exercise of the option and compliance with its terms would entitle Meyerowitz to releases of the two incumbrances and the return of the quit-claim deed depos-ited by him in escrow, but that his failure to do so should be deemed a relinquishment by him of all claim to or inter-est in the property and authorize the delivery of the quit-claim deed to appellant. Meyerowitz did not exercise his option, and the quit-claim deed was delivered to the appel-lant and filed for record on June 6, 1921.

On September 26, 1921, appellee Alexander W. Mar-mor obtained a judgment by confession in the circuit court of Cook county against Marion for $5250 upon a note dated September 16, 1921, for $5000, and attorney's fees. An execution was immediately issued and placed in the sheriff's hands with $10,638.33 for the purpose of making redemption from the master's sale of September 3, 1920. A certificate of redemption was issued and filed for rec-ord September 28, 1921. The sheriff made a levy, and on October 25, 1921, the property was sold to Marmor for $16,074.16. The appellant on the same day, October 25, 1921, surrendered his master's certificate of sale to the sheriff and received from him the redemption money de-posited by Marmor. No further redemption having been made, the sheriff on December 30, 1921, delivered his deed to Marmor, and it was filed for record on January 14, 1922.

Default having been made in the payment of the note for $40,000, dated May 28, 1914, Richard L. Williams on December 19, 1921, filed his bill in the circuit court of Cook county for the foreclosure of the trust deed which secured its payment. To this bill appellant, his wife, Marmor and others were made parties defendant. Appellant filed an affidavit and an answer to the bill. In the affidavit he set forth the proceedings to foreclose the junior trust deed, the contract with Meyerowitz, and the execution, delivery and recording of the quit-claim deed to appellant pursuant thereto; and he asserted his ownership of the equity of redemption in the property and the invalidity of the redemption by Marmor because (*a*) the foreclosure proceedings had merged with the title; (*b*) Marmor was not a *bona fide* purchaser without notice or a *bona fide* judgment creditor of Marion; and (*c*) Marmor had not offered to refund to appellant the money paid by him for the quit-claim deed. Appellant in his answer averred that he had instituted an ejectment suit against Marmor and others to adjudicate the title to the property and asked that proceedings in the pending foreclosure suit be stayed until the suit in ejectment had been determined. Marmor answered the bill, claiming title by virtue of his sheriff's deed. The complainant filed a replication to Marmor's answer. The cause was referred to a master in chancery, whose report was approved and a decree of foreclosure and sale entered. From that portion of the decree which found that Marmor was the owner of the equity of redemption in the property, and that appellant had no right, title or interest therein, the appellant prosecutes this appeal.

Appellant's first contention is that by the contract with Meyerowitz and the ensuing quit-claim deed appellant merged the lien of the second mortgage and of the master's certificate of sale issued to him in the suit to foreclose it, with the fee simple title, and in consequence extinguished the foreclosure proceedings, so that there was nothing from

which Marmor could redeem. Section 18 of chapter 77 of the Revised Statutes gives the right to any defendant, his heirs, administrators, assigns, or any person interested in the premises through or under the defendant, twelve months from the sale within which to redeem therefrom. No redemption was made by any person defined in, or within the time prescribed by, section 18. If such redemption is not made, section 20 of the same act provides that any decree or judgment creditor, his executors, administrators or assigns, may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises in the manner there prescribed. When a foreclosure suit is instituted certain statutory rights attach, first for the benefit of those directly interested in the land, and secondly for the benefit of judgment creditors. The statutory provisions which confer these rights cannot be disregarded. If an instrument is a mortgage when delivered it continues to be such, with its incidents, until the right of redemption is barred by some mode recognized by law. Parties can not, even by express stipulations in a mortgage, destroy or cut off the right of redemption. (*Bearss* v. *Ford,* 108 Ill. 16; *Halbert* v. *Turner,* 233 id. 531; *DeVoigne* v. *Chicago Title and Trust Co.* 304 id. 177.) The purchaser of land at a master's sale pursuant to a decree of foreclosure is not by his purchase or the certificate of sale issued to him vested with the title to the land, but acquires the right to receive the redemption money if redemption is made within the time and in the manner prescribed by the statute, or in case no redemption is so made within that period, then to receive a master's.deed. (*Sutherland* v. *Long,* 273 Ill. 309.) A master's certificate of sale does not purport to convey title but describes the premises purchased, the amount paid therefor and the time when the purchaser will be entitled to a deed if no redemption be made. (Smith's Stat. 1923, chap. 77, sec. 16; *Lightcap* v. *Bradley,* 186 Ill. 510; *Allison* v. *White,* 285 id. 311.) Both before and after the sale

under a foreclosure decree the owner of the equity of redemption has the same estate in the land. (*Lightcap* v. *Bradley, supra; Bradley* v. *Lightcap,* 202 Ill. 154; *Ætna Life Ins. Co.* v. *Beckman,* 210 id. 394.) The acquisition of that estate or interest by the holder of the certificate of sale prior to the expiration of the period of redemption does not destroy the right to redeem by any person entitled thereto by the statute. Moreover, in the instant case the right of Marmor to redeem was recognized by appellant, for after he had acquired, and while he owned, the interest of Meyerowitz in the property he surrendered his certificate of sale and accepted the redemption money deposited by Marmor. Hence there was no merger, as appellant contends, of the lien of the second mortgage or of the certificate of sale with the fee simple title.

But appellant contends, even if there were no merger and the foreclosure proceedings were kept alive for redemption purposes, Marmor was not a *bona fide* judgment creditor without notice but was acting in collusion with Marion, who had no further title to the premises, for the purpose of depriving appellant of the benefits of his transaction with Meyerowitz. The master's sale occurred on September 3, 1920, and appellant became the purchaser. Meyerowitz, the owner of the equity of redemption, had, by statute, until September 3, 1921, to redeem. On December 17, 1920, he entered into the contract with appellant and Richard L. Williams, pursuant to which the property was conveyed to appellant, and by the contract Meyerowitz's right of redemption was limited to May 1, 1921, or shortened by four months and two days. The deficiency decree in appellant's favor was satisfied and Meyerowitz was paid out of moneys in the receiver's hands. Appellant paid nothing to Meyerowitz. By the satisfaction of the deficiency decree and the redemption from the master's sale nothing remained due and owing to appellant. Whether Marmor had actual or constructive notice of the contract and the quit-claim deed,

or whether he could have compelled appellant to accept the redemption money, is not material to a decision of this case. Appellant surrendered his certificate and accepted the money. Redemption may be made by one who has no legal right to redeem if the holder of the certificate of sale accepts the money deposited for redemption. (2 Jones on Mortgages,—7th ed.—sec. 1055a; *Smith* v. *Jackson,* 153 Ill. 399; *Pearson* v. *Pearson,* 131 id. 464.) As between himself and appellant, Marmor became a redemptioner and entitled to all the rights as such.

Marion was in need of money and Marmor lent him $600. He took his debtor's note for $5000 as security upon the advice of his attorney that he could redeem the property if it should become necessary for his protection. It is not denied that Marion actually borrowed $600 from Marmor. If the indebtedness was *bona fide,* the fact that the judgment was confessed for the express purpose of enabling the creditor to effect a redemption from the sale of the property constitutes no legal or equitable objection to prevent redemption. (*Strauss* v. *Tuckhorn,* 200 Ill. 75; *Kufke* v. *Blume,* 304 id. 288.) The owner of an equity of redemption has the right to confess judgment for a *bona fide* indebtedness for the purpose of enabling a creditor to redeem. (*Kufke* v. *Blume, supra.*) The judgment may be recovered upon an indebtedness incurred subsequently to the expiration of the debtor's period of redemption. (*Kerr* v. *Miller,* 259 Ill. 516.) The right of the judgment creditor to redeem does not depend upon any lien on the land but exists solely by statute. (*Heinroth* v. *Frost,* 250 Ill. 102; *Level* v. *Goosman,* 285 id. 347; *Garden City Sand Co.* v. *Christley,* 289 id. 617.) The facts shown by the record are not of such a character as to vitiate the judgment recovered by Marmor against Marion.

The decree of the circuit court will be affirmed.

*Decree affirmed.*