(No. 16816.—Appellate Court reversed; circuit court affirmed.)
RICHARD L. WILLIAMS, Plaintiff in Error, *vs.* ALEXANDER
W. MARMOR, Defendant in Error.

*Opinion filed April 23, 1926—Rehearing denied June 2, 1926.*

1. MORTGAGES—*what necessary to charge mortgagee with rents and profits for benefit of junior mortgage.* To charge a mortgagee in possession with rents and profits for the benefit of a junior mortgage it must be shown that such mortgagee occupied the premises in the first instance as mortgagee, and if he came into possession under a title derived from the mortgagor, or by any means other than as mortgagee, he is not chargeable with the rents and profits.

2. SAME—*junior mortgagee may enforce accounting as mortgagor.* A junior mortgagee who by reason of his lien stands in the place of the mortgagor may enforce an accounting to the same extent that such accounting might be enforced by the mortgagor.

3. SAME—*rents and profits may be collected by owner of equity.* Rents and profits are the incidents of possession of the equity of redemption and may be collected by the owner thereof until the period of redemption expires.

4. SAME—*when junior lienor is not entitled to have rents applied to reduce first mortgage.* Where a junior mortgagee, who was mortgagor or pledgor of the first mortgage, is in possession not as mortgagee but by agreement of the owner of the equity and of the receiver appointed during the foreclosure of the junior mortgage, a judgment creditor who has redeemed from the foreclosure and has succeeded to the ownership of the equity is not entitled to have the rents and profits received during the possession of the junior mortgagee applied to reduce the first mortgage, where for most of the time of such possession said creditor had no interest in the premises and where there is no showing that the mortgagee under the first mortgage received the rents and profits.

5. SAME—*when junior lienor is not entitled to discharge of receiver.* A judgment creditor who has made redemption from the foreclosure of a second mortgage and has become owner of the equity is not entitled to have a receiver discharged and the property turned over to him in a proceeding to foreclose the first mortgage, where said receiver, a trust company, was appointed by the court without bond in the place of a receiver previously duly appointed on the judgment creditor's request for a different receiver, as such action is in compliance with the statute.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

SLOTTOW & LEVITON, (CHARLES LEVITON, of counsel,) for plaintiff in error.

WILLIAM SLACK, and ABRAM E. ADELMAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error filed a bill to foreclose a trust deed given as a mortgage by George J. Williams on certain property in the city of Chicago and hereinafter referred to as a mortgage. The circuit court of Cook county on December 13, 1923, entered a decree finding that plaintiff in error, complainant therein, was entitled to foreclosure of his lien for the sum of $47,697.80, less certain rents collected by the Chicago Title and Trust Company subsequent to December 30, 1921. Defendant in error, Marmor, was made a party defendant as one claiming to own the equity of redemption secured to him by sheriff's deed arising out of a sale to Marmor as judgment creditor. Williams, the mortgagor under plaintiff in error's mortgage, claimed to own the equity of redemption. The circuit court found, however, that Marmor was owner of the equity of redemption. Williams appealed to this court from that part of the decree holding Marmor to be the owner of the equity of redemption in the property, and on that appeal this court affirmed the decree in that respect. (*Williams* v. *Williston,* 315 Ill. 178.) Marmor contended in the circuit court that he was entitled to have certain rents collected by Williams, amounting, after the payment of expenses, to $7955.88, applied on plaintiff in error's mortgage, on the ground that Williams was a mortgagee in possession at the time he collected the

rents and was therefore bound to so apply them for the benefit of Marmor as junior lienor. The circuit court found against this contention, and Marmor appealed to the Appellate Court for the First District, and that court reversed the decree of the circuit court in that regard, holding that Marmor, as a judgment creditor with a lien on the equity of redemption, and later as owner of the equity of redemption, was entitled to have the sum of $7955.88 credited on the mortgage foreclosed by plaintiff in error. The cause comes here by *certiorari.*

While the facts of this case were set out in *Williams* v. *Williston, supra,* it is necessary, in order to understand the issue here involved in this somewhat complicated set of circumstances, to again state them.

On May 28, 1914, George J. Williams executed his note for $40,000, payable in five years to his own order and endorsed by him, and to secure the payment of this note executed, with his wife, a trust deed of the premises to Charles S. Williston, as trustee. This note and trust deed came into the hands of plaintiff in error as collateral for an indebtedness which at the time of the foreclosure amounted to $45,000, with interest. In September, 1914, George J. Williams and his wife conveyed the premises, subject to this trust deed, to Leo Marion and took back notes amounting to $8500, the payment of which was secured by a trust deed as second mortgage on the property. Marion subsequently sold the premises, and the same by *mesne* conveyances later were conveyed to Samuel Meyerowitz subject to the two incumbrances. By reason of default in payment of the notes secured by the second mortgage, Williams on October 28, 1918, filed a bill to foreclose the same, and plaintiff in error was appointed receiver, took possession of the property and collected the rents until September 28, 1920. On August 6, 1920, a decree of foreclosure and for sale was entered on the second incumbrance for the sum of $11,034.50, and on sale on September 3 following, Williams purchased

the equity of redemption for $10,000 and took a deficiency decree for the balance. Between September 28, 1920, and December 20, 1921, Williams was in possession and collected rents on the premises, the net amount of which is, as we have seen, $7955.88. Thereafter, by agreement entered into by plaintiff in error as mortgagee of the first lien, Meyerowitz, the owner of the equity of redemption, and Williams, the latter was to remain in possession and collect rents, and certain money was paid to Meyerowitz, who executed a quit-claim deed to Williams, which he placed in escrow. The agreement stated that it was made for the purpose of settling all differences and relieving the property of incumbrances. By its terms Meyerowitz had until the first of May, 1921, to pay certain specified amounts and execute a first mortgage on the property for $35,000 and to take the property cleared of any other incumbrance. The contract also provided that in case he did not exercise that option by the first of May the quit-claim deed was to be delivered to Williams and Meyerowitz's interest therein extinguished. Meyerowitz did not exercise his option and the quit-claim deed to the equity of redemption was delivered to Williams, who had it recorded on June 6, 1921. On September 26, 1921, which was after the twelve months in which the owner of the equity of redemption might redeem from the sale of the property under the second mortgage, defendant in error, Marmor, obtained a judgment by confession against Marion, the mortgagor in the mortgage which had been foreclosed. On October 25, 1921, Marmor redeemed by placing in the sheriff's hands the amount necessary to make redemption from the master's sale of September 3, 1920. Williams on that day surrendered his certificate of sale to the sheriff and took down the redemption money. Thereafter, no further redemption being made, on December 30, 1921, a sheriff's deed was delivered to Marmor. When Marmor on September 26, 1921, secured a judgment against Marion, Williams was in possession of

the property collecting the rents and had title to the equity of redemption by a deed from Meyerowitz, made in pursuance of the agreement of December 13, 1920, hereinbefore referred to. He had been in possession collecting the rents since September 28, 1920, and the main question in this case is as to the character of his possession. The Appellate Court held that Williams' possession during the time in which the rents in question accrued was that of a mortgagee, also holding that he was, in fact, the owner of the first mortgage in which he appears as mortgagor, for the reason that he had it up as a pledge, only, with plaintiff in error, who filed the bill to foreclose it. The Appellate Court was of the view that being, in fact, the owner of the first mortgage, Williams was a mortgagee in possession and liable to account to junior lienholders. It is not contended that a mortgagee of a prior mortgage in possession of the property is not bound to account for the rents and profits, but the contention is that Williams did not have such possession of the property.

It is the rule that if one takes possession as a mortgagee of a prior mortgage he must account for the rents for the benefit of junior lienholders even though he later acquires the equity of redemption by purchase. The character of his possession at the time he enters determines the application of the rule. (*Strang* v. *Allen,* 44 Ill. 428; 2 Jones on Mortgages,—7th ed.—sec. 1118; *Harrison* v. *Wyse,* 24 Conn. 1; *Clark* v. *Paquette,* 67 Vt. 681.) In order to charge a mortgagee with rents and profits for the benefit of a junior mortgage it must be shown that such mortgagee occupied the premises as mortgagee. If the mortgagee came into possession under a title derived from the mortgagor, or in any method other than as mortgagee, he is not chargeable with the rents and profits of the mortgaged premises. The reason underlying the rule requiring a mortgagee in possession to account for the rents and profits is that possession is not an incident to the rights of a mort-

gagee, and when he receives the profits arising from such possession he holds them not for his own benefit but for the benefit of the mortgagor and must account therefor. A junior mortgagee who by reason of his lien stands in the place of the mortgagor may enforce an accounting to the same extent that such accounting might be enforced by the mortgagor. *Plain* v. *Roth,* 107 Ill. 588; *Gaskell* v. *Viquesney,* 122 Ind. 244; *Hart* v. *Chase,* 46 'Conn. 207; *Van-Duyne* v. *Shann,* 41 N. J. Eq. 312; 2 Jones on Mortgages, (7th ed.) sec. 1114.

If George J. Williams had possession and collected the rents by any authority other than as mortgagee in possession he is not required to account for the rents. Rents and profits are the incidents of possession of the equity of redemption and may be collected by the owner thereof until the period of redemption expires. At the time of the foreclosure sale under the second mortgage, on September 3, 1920, Meyerowitz was owner of the equity of redemption and had a right to the rents and profits. Certainly, it could not be said that from the date of the sale under the second mortgage to September 26, 1921, when Marmor secured his judgment against Marion, Marmor occupied the position of a junior lienholder, with the right to enforce such an accounting for rents as the owner of the equity of redemption might have had. He had no claim at all against this property at that time and was in nowise interested in the rents collected prior to his judgment. Meyerowitz had the equity of redemption, and he is not seeking to have this rent money applied to the plaintiff in error's mortgage. By the agreement of December 13, 1920, referred to, Meyerowitz consented to the possession of the property by George J. Williams and his collection of the rents. Williams went into possession on September 28, 1920, while plaintiff in error was receiver of the property, and appears to have done so by permission of plaintiff in error. By the agreement of everyone interested in the property on December 13, 1920,

the receivership of plaintiff in error ceased and the possession of Williams was ratified and continued in him. There is nothing in the record that tends to establish that Williams was in possession as mortgagee after the making of the agreement on December 13, 1920. In fact, that agreement disproves any such possession, and, on the contrary, shows him to be in possession through an agreement with the owner of the equity of redemption. If he became a mortgagee in possession it must have been between September 28, 1920, when he took possession and began the collection of the rents, and December 13, 1920, when the agreement referred to was made. Defendant in error contends, and the Appellate Court held, that Williams went into possession as a mortgagee. The record does not so show. It does show that he went into possession through the sufferance of plaintiff in error, who was then receiver. Since the receiver was the only one entitled to possession Williams had no right to take possession as mortgagee. Meyerowitz did not object to Williams' possession between September 28 and December 13, and it is evident that his possession then was by mutual agreement of the receiver and the owner of the equity of redemption and not as mortgagee. It would avail nothing to say that he went into possession as mortgagee under the second mortgage, since that mortgage debt, including the deficiency decree, had been fully paid and discharged for some months when Marion borrowed the money for which defendant in error took the judgment which formed the basis of his redemption. We do not understand this to be the contention of defendant in error or the holding of the Appellate Court. As we understand it, defendant in error contends, and the Appellate Court held, that Williams is, in fact, the owner of the $40,000 mortgage and was therefore a mortgagee in possession under that mortgage. Certainly, it cannot be said that Williams was both mortgagor and mortgagee of the $40,000 mortgage. Plaintiff in error held the mortgage as

a pledge for a debt which was by the decree of the circuit court herein shown to be more than the amount of the mortgage. So far as the right to enforce the mortgage by foreclosure is concerned, plaintiff in error was the mortgagee in that mortgage and had full right to foreclose. (*Anderson v. Olin,* 145 Ill. 168; *Loewenthal v. McCormick,* 101 id. 143; *Hosmer v. Campbell,* 98 id. 572.) It is therefore incongruous to say that a mortgagee in possession under the first mortgage had received this large amount of rents which should be applied on his mortgage, when, as a matter of fact, the mortgagor under that mortgage received the rents and the mortgagee received no benefit whatever of the collection of such rents.

We are of the opinion, therefore, that it cannot be said that George J. Williams was in possession as a mortgagee. He was not mortgagee of the prior lien. The junior lien had been discharged and Williams was in possession, first, by sufferance of the receiver and owner of the equity of redemption; second, by agreement with the owner of the equity of redemption; and third, by the quit-claim deed of such owner. In no one of these three capacities did his possession impose upon him the duty to account to anyone for the rents other than was specified in the agreement of December 13, 1920. Certainly, possession of Williams and the collection of rents by him could not by any process of reasoning, equitable or otherwise, be said to warrant an order of court requiring plaintiff in error to rebate his mortgage to the extent of such rents which were not collected or received by him. The Appellate Court therefore erred in reversing the decree of the circuit court.

Defendant in error has assigned cross-errors complaining of the refusal of the Appellate Court to reverse the order of the circuit court concerning the appointment of the Chicago Title and Trust Company as receiver without bond. There was no error in the action of the Appellate and circuit courts in this matter. The statute was complied

with in the appointment of the Chicago Title and Trust Company as such receiver without bond. Defendant in error was not entitled to have the receiver discharged and the property turned over to him. The Chicago Title and Trust Company was appointed in the place of a receiver previously duly appointed, owing to the request of defendant in error for the appointment of a different receiver.

The judgment of the Appellate Court is reversed for errors assigned, and the decree of the circuit court is affirmed.

*Judgment of Appellate Court reversed.*
*Decree of circuit court affirmed.*