### EATON LOAN & HOME AID CO v WESPISER et

Ohio Appeals, 2nd Dist, Preble Co

No 86. Decided June 7, 1935

John P. Dye, Eaton, for plaintiff.
Baden & Fiehrer, Hamilton, for The Miami Valley Lumber Company.

692

## OPINION

By THE COURT

The first proposition urged by appellant is the failure of the court to give notice to any of the defendants of the motion of the plaintiff at the time of the appointment of the receiver. We have held in **Madigan et v The Dollar Building & Loan Company, 49 Oh Ap, 69, (15 Abs 459)** (Ohio Bar Assn. Report April 8, 1935) **Ohio Law Abs, January 13, 1934,** that where notice is required as a prerequisite to the appointment of a receiver, it is a jurisdictional requirement. The motion, supported by affidavit, set out a tax delinquency; that none of the proceeds of the farm were being applied to the mortgage indebtedness; that the value of the property was probably insufficient to pay the mortgage debt, and that delay in the appointment of a receiver would result in irreparable loss to the plaintiff. All of these averments were found by the court appointing the receiver to be true.

The right to appoint a receiver without notice, upon proper averment and finding of probable irreparable loss if notice be given, is clearly recognized. **Railway Co. v Jewett, 37 Oh St 649; National Salt Co. v Salt Co., 8 N.P. 325. 11 O.D., 398.**

It may be granted that it was impracticable to serve Wespiser who was in Canada with notice of the application for the appointment of a receiver. However, the party in interest was the Lumber Company, as shown by the petition and we perceive no reason why this company should

not have been served and no basis for the claim that irreparable loss would result to the plaintiff if notice be given to the Lumber Company. When this fact was brought to the attention of the trial court, even upon hearing, it was not too late to require the Lumber Company to be served and the appointment could have been postponed until it was accomplished.

Counsel for the Loan Company claims and the trial court held that the action on the motion in which the court refused to remove the receiver was a final order, from which error could have been prosecuted, and that the time within which error could be prosecuted was permitted to elapse without such action, and that the defense of res adjudicata asserted by the Loan Company was established.

It has been held that an order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a final order within the meaning of §12258 GC. **Cincinnati, Sandusky & Cleveland Ry. Co. v Sloan, 31 Oh St 1; The Forest City Investment Company v Hass, 110 Oh St, 188,** and that an order vacating the appointment of a receiver is a final order in a special proceeding. Cincinnati, Sandusky & Cleveland Ry. Co. v Sloan, supra, and the cited cases are authority to the effect that proceedings in relation to the appointment and removal of receivers are special proceedings.

However, the Court of Appeals of Cuyahoga County has held directly in one case and approved its holding in another that:

"Order overruling motion to remove receiver is not an order affecting substantial rights of parties to which error may be prosecuted." **Neighbors et v Thistle Down Co. et, 26 Oh Ap 384 (6 Abs 359); Rothman v Seldin & Kneller, 37 Oh Ap, 408-412 (9 Abs 526).**

Supporting the adjudication of the Cuyahoga County Court of Appeals in the above cited cases, we then come to consider the rights of the parties upon the further issue joined by the petition of the plaintiff, the Loan Company, the answer and cross petition of the Lumber Company, and the reply thereto.

Another determinative question is raised by the second branch of the motion of the Lumber Company to discharge the receiver, namely, whether or not the Loan Company was entitled to the landlord's share, the one-half interest in the growing corn crop on the mortgaged premises, as against the Lumber Company.

For the purpose only of the question we may grant that the right of the Lumber Company, the grantee of the Wespisers, mortgagors, would rise no higher against the Loan Company than the rights of the mortgagors.

"Notwithstanding the existence of a mortgage on land, the owner thereof may sell and convey his interest, that is, the equitable title or equity of redemption, to a third person, transferring to the latter all his own rights in the premises, and the mortgagee has no right to interfere in the sale or prevent it. But of course such a sale does not prejudice the rights of the mortgagee; the grantee succeeds to the mortgagor's estate, occupies his position, takes subject to the encumbrance, and is subject to the same equities." **41 C.J. 621.**

Let us examine the status of the parties when the court ruled on the motion to discharge the receiver. The petition does not aver, nor does the motion for appointment of a receiver nor the affidavits in support thereof, nor the agreed statement of facts disclose that the mortgage pledged the rents, issues and profits of the land to the mortgagee. The landlord's share of the corn crop under consideration was owned by the Lumber Company at the time that the petition was filed and then and at all times thereafter was personal property. **Baker v Jordan, 3 Oh St 348, The Connecticut Mutual Life Insurance Co. v The Shelly Seed Corp., 46 Oh Ap 548 (16 Abs 553).**

The language of the mortgage neither constituted a chattel mortgage nor an agreement to give a chattel mortgage. As between the mortgagee, the mortgagor or his grantee the right to harvest the corn crop was in the latter.

In 13 O. Jur., (Crops) §12, it is said, citing **Cassily v Rhodes, 12 Ohio, 88:**

"But he (the mortgagor in possession) may lawfully lease, subject to the mortgage; and when the mortgagee defeats the estate, either by entry or judicial sale, the annual crops are saved for the tenant, under the common rule relating to emblements, because the termination of the lease is uncertain. The elder jurists find abundant reason for the doctrine, in the protection the law owes to agriculture. * * * And we may enlarge the basis by referring to our system of appraisals." "In Ohio the mortgagor is entitled to the crops."

See also: **Albin v Riegel, 40 Oh St, 339.**

In 37 OLR, at page 218, et seq., there is a review by Leonard C. Hirsch of the authorities in Ohio, under the title: "Emblements and Rents, Issues and Profits in Actions on Real Estate Mortgages in Ohio." The author has thoroughly and completely compiled and considered all of the pertinent authorities. At page 224 of the article the author epitomizing his conclusions says under sub-heading 3:

"A receiver appointed after condition (definite and date fixed) broken, and if the premises are probably insufficient to discharge the mortgage debt, should collect the mortgagor's share of such crops harvested (or disposed of while growing) by the receiver during such receivership This should also apply to all crops harvested from the time of condition broken, if still extant and owned by mortgagor. He should collect the tenant's share also if leased subsequent to the mortgage, unless herein again the courts would go still further 'in interest of agriculture' or because of 'Uncertainty of tenure' and otherwise determine."

We are unable to determine that the cases upon which the commentator relies support the breadth of statement which we have quoted. There is also some observation, as obiter, by Judge Mauck at page 152 of the case of The Fidelity Mortgage Company v Mahon et, 31 Oh 'Ap, 152, (7 Abs 280), which lends support to the conclusion of the commentator.

Independent of anything that we have heretofore said we are of opinion that the rights of the parties in the situation here presented are clearly determined by The Commercial Bank & Savings Co. et v The Woodville Savings Bank Co., 126 Oh St 587, and upon the authorities cited and approved by Judge Stephenscn, beginning at the bottom of page 591 of the opinion, wherein he says:

"We are in accord with the law that 'the right to rents and profits of real estate follows the legal title and right to possession.' 55 A.L.R., p. 526, paragraph 11, §21. The mortgagor 'is entitled to the earnings, rents and profits of the mortgaged property.' 19 R.C.L., 319, §96. 'Rents and profits are the incidents of possession of the equity of redemption of the mortgaged property, and may be collected by the owner thereof until the period of redemption expires.' 46 A.L.R., 132, paragraph 4, §21; Winnisimmet Trust v Libby, 234 Mass., 407, 125 NE, 599,

14 A.L.R., 640; Williams v Marmor, 321 Ill., 283, 151 NE, 880, 46 A.L.R., 132.

"Authorities supporting this doctrine are practically inexhaustible. Its strongest support is that of reason."

To the same effect is the first proposition of the syllabus in Varnau v Scanlon, 39 O LR, 427 (Ap) (17 Abs 246).

The Lumber Company, as grantee of the mortgagors, owned the one-half interest in the corn crop over which the court named a receiver; it had the legal title and the right of possession to the land described in the mortgage until foreclosure of the equity of redemption by the order of sale late in November, 1933. The corn crop was harvested prior to that date; we may assume that the mortgage from the Wespisers to the Loan Company reserved no lien on the rents, issues and profits of the land mortgaged. Therefore, the right to the one-half interest in the corn crop was in the Lumber Company, and it is entitled to the proceeds thereof.

Distribution of the proceeds of the one-half interest in the corn crop should be made to the Lumber Company. It will be so ordered.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided June 29, 1935

By THE COURT

Submitted on application for rehearing.

We have given careful consideration to the application and find that the matters therein urged were carefully considered by the court in our original opinion. We would not be disposed to insist upon our determination that notice was required before the appointment of the receiver if upon the merits there was a showing justifying the naming of a receiver. We would give the trial court wide latitude in making determination whether or not, under all the circumstances, there was danger of irreparable loss to the plaintiff if notice were not waived.

The effect of the appointment of the receiver was to take possession only of the corn crop to which, in our judgment, the defendant company was entitled.

The application for rehearing will be denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.