Paul Branch, as Trustee, Appellee, v. Floyd Barnes, et al., Appellant.

Gen. No. 47,408.

First District, Second Division.
November 25, 1958.
Released for publication December 16, 1958.

Odas Nicholson, of Chicago (James O'Bryant, Jr., of counsel) for appellant.

Ernest H. Allen, and Harry J. Myerson, both of Chicago (Harry J. Myerson, of counsel) for appellee.

JUSTICE MURPHY delivered the opinion of the court:

This is a foreclosure proceeding in which, after the court appointed a receiver upon plaintiff-junior mortgagee's petition, the senior mortgagee took possession

for 18 months under an assignment of rents, collected the rents, part of which were applied on the first mortgage and turned the balance over to the mortgagor. Upon being restrained from further collections, the insurance company filed a counterclaim to foreclose upon its mortgage for the balance due. The chancellor dismissed the counterclaim and decreed that plaintiff had the first lien, prior to all defendants. The insurance company appealed.

May 5, 1953, plaintiff, owner of two defaulted mortgages, filed this suit, alleged details of a first mortgage and named as a defendant the Supreme Liberty Life Insurance Company, owner of the first mortgage and a rent assignment, both of which were recorded. The next day the insurance company was served with summons. May 11, plaintiff gave notice only to the mortgagors, defendants Barnes, of his application for a receiver. On May 21, 1953, defendant Ida Barnes was appointed receiver with directions, among others, to apply $50 per month on the first mortgage owned by the insurance company. June 26, 1953, the insurance company filed its answer, setting forth the details of its mortgage and claiming $1498.06.

June 8, 1954, the chancellor entered two inconsistent orders, one dismissing the cause for want of prosecution, the other continuing the cause to June 28, 1954. On the latter date plaintiff, after notice mailed to the attorney for the insurance company, whose address was the same as the company's, filed a petition for a rule to show cause against Ida Barnes for failing to comply with the order appointing the receiver. The rule issued, and thereafter upon notice to the parties, mailed as before to the insurance company attorney, the court referred the cause to a master. The same day, Ida Barnes was removed as receiver.

On September 29, 1955, the successor receiver, by petition, notified the chancellor that the insurance com-

474

pany had been collecting rents since February 24, 1954. The chancellor ordered further collection restrained. The insurance company answered the petition and also filed a counterclaim to foreclose upon the first mortgage balance, amounting to $1153.38 as of October 4, 1955. In answer to the petition, the insurance company raised the issues presented for the chancellor's decision: Was the successor receiver duly appointed?; Was the insurance company notified of the application for appointment of the original receiver?; Did the insurance company have authority to collect rents under its assignment, superior to any right of the court appointed receiver? These issues were among those referred to the master.

The master's findings, relevant here, confirmed by the chancellor, were that the insurance company was an original party to plaintiff's suit, charged with responsibilities to "check the records," and that it should have known of the appointment of the receiver when it took possession of the mortgaged premises; and that the appointment of the receiver "fully protected" the insurance company's rights, and that had it not "turned over to Ida Mae Barnes, individually and not as receiver," $1152, "the situation herein would never have occurred." The chancellor dismissed the counterclaim, ordered a first and prior lien for plaintiff, superior to all defendants, and directed a sale to satisfy the lien if not paid.

█ The first question is whether the court lost jurisdiction thirty days after the inconsistent order of June 8, 1954, dismissing the cause. The answer is that, assuming jurisdiction was lost, by appearing voluntarily and participating in the proceedings after the order was entered, the court was revested with jurisdiction. Ridgely v. Central Pipe Line Co., 409 Ill. 46 (1951).

475

The substantial questions are with respect to the propriety of the insurance company's conduct, if it knew of the court's possession of the premises through the appointment of the receiver, and the application of the rents which the company collected.

It is true no notice was given the insurance company of the motion for receiver. The complaint, however, prayed for the immediate appointment of a receiver, and an exhibit in evidence shows three separate conversations between plaintiff's attorneys and the attorney for the insurance company in 1953, with respect to a receiver and with respect to the company's answer to the complaint. The exhibit was not controverted. The testimony of Ida Barnes that she did not tell the company of her appointment as receiver, when the company's agent began to collect rents, is of little value on the question. The company's attorney did not testify he did not receive the mailed notices. Moreover, the insurance company in its answer made no reference to its rent assignment, even though the complaint prayed for a lien on the rents during the redemption period in event of a deficiency. We think the chancellor was justified in concluding that the company knew or should have known of the appointment of the receiver, and that with that knowledge it took possession, collected the rents and applied them as it saw fit.

The insurance company could have asked the chancellor to remove the receiver and to permit it to go into possession under its first mortgage (Wolkenstein v. Slonim, 355 Ill. 306, 309 (1934)). It could have contested the receiver's right or the validity of his appointment by petition to the appointing chancellor. (Mulcahey v. Strauss, 151 Ill. 70 (1894); Kneisel v. Ursus Motor Co., 316 Ill. 336 (1925).) Since it did neither of these and took possession with knowledge of and despite the court appointment of the receiver, the

476

master and chancellor made proper disposition of the issues.

■■ It is the rule that if one takes possession as mortgagee of a prior mortgage, he must account for the rents for the benefit of junior lienholders, and in order to charge a mortgagee with rents and profits for the benefit of a junior mortgagee, it must be shown that such mortgagee occupied the premises as mortgagee. (Williams v. Marmor, 321 Ill. 283 (1926).) If the senior mortgagee is in possession, he must apply the rents toward the satisfaction of his debt and cannot permit the owner of the equity of redemption to receive them to the prejudice of the junior mortgagee, and if he does permit this, the seniority of his mortgage may justly be postponed to the junior mortgage to the extent of the rents and profits that he has improperly permitted the owner of the equity to receive. Hitchcock v. Fortier, et al., 65 Ill. 239, 244 (1872).

■■ However, the insurance company contends that its possession was not that of a mortgagee, because it took possession under its assignment of rents. The rent assignment and the first mortgage were executed in conjunction with each other, and the rent assignment was used because of a default of payments due on this mortgage debt. Instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, will be read and interpreted together, it being said that they are, in the eyes of the law, one instrument. Gardt v. Brown, 113 Ill. 475, 478 (1885); Chicago Trust and Savings Bank v. Chicago Title and Trust Co., 190 Ill. 404, 411 (1901).

Under these circumstances, we believe the chancellor was properly acting within his discretion in treating the first mortgage holder as a mortgagee in possession

and finding the defendant insurance company accountable for its distribution of rents.

We believe the record sustains the findings of the chancellor and that the decree rendered by the court is a proper one under the law and the evidence. This conclusion obviates the necessity of a discussion of other points raised by the defendant insurance company. Therefore, the decree of the chancellor is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.