ARGUED AND DETERMINED

IN THE

# Supreme Court of Errors

OF THE

# STATE OF CONNECTICUT.

---

HARRISON *vs.* WYSE AND OTHERS.

A mortgagee, who takes possession, and receives the rents and profits, of the mortgage premises, is bound to apply the net proceeds thereof to the reduction of his debt.

Where a prior mortgagee, who had entered into possession, and received the rents and profits of the mortgaged premises, afterward purchased the equity of redemption therein; held, that he did not by such purchase, so far as the subsequent mortgagee was concerned, change his position or accountability for the rents and profits received after the time of such purchase, but was to be considered as continuing in possession in the same manner as when his occupancy commenced.

THIS was a bill in chancery, brought, by the plaintiff as the assignee of a mortgage, against the defendants, as holders of prior mortgages and the equity of redemption, praying for a decree, allowing the plaintiff to redeem the prior mortgages, and foreclosing the defendants of their right of redemption.

The case was referred to a committee, whose report embraced the following facts.

On the first day of January, 1840, Jacob F. Huber mortgaged the premises to D. Allen & Son, to secure the payment of a note of that date, for the sum of $241.44, which note and mortgage, on the 29th day of January, 1853, were assigned to the plaintiff.

The premises, at the time of giving that mortgage, were subject to three prior mortgages, holden by the defendants, amounting, at the time of making the report, to the sum of $1,478.99. On the first day of April, 1844, the defendants, as holders of these mortgages, entered into possession of the premises, and have ever since continued to receive the rents and profits ; the net proceeds of which, at the time of the conveyance to them of the equity of redemption, amounted to $71.31, and, at the time of making the report, to the sum of $647.

The question how far, upon these facts, the rents and profits, received by the defendants, were to be applied in part payment of their debts, was reserved for the advice of this court.

*Tyler* and *Whittlesey*, for Harrison.

The only question, in the present case, is, as to the terms on which the plaintiff shall be allowed to redeem the mortgaged premises.

1. If a mortgagee takes possession of the mortgaged premises, and receives the rents and profits to his own use, the principle is well settled as between him and the mortgagor, that he is bound to account, by applying the avails of the income thus received, after deducting the necessary expenditures, to the reduction of his debt, secured by the mortgage, as he can never receive more than his principal and interest. *Gordon* v. *Lewis* & al., 2 Sum. R., 155. 3 Powel on mortgages, Coventry & Rand's edit., p. 949, note E. 2. 4 Kent Com., 58. *Gubbins* v. *Creed*, 2 Sch. & Lefr., 218. There can be no equitable reason given why the mortgagor should not be accountable to a subsequent mortgagee ; there are no greater equitable rights subsisting between a mortgagor, and

mortgagee in possession, than there is between a prior mortgagee in possession, and a subsequent mortgagee. 1 U. S. Dig., 1850, p. 327. A mortgagee, in possession personally, is chargeable with a reasonable rent, and a subsequent mortgagee is entitled to the aid of a court of equity in having such rent ascertained and applied in reduction of the prior mortgage. *Moore* v. *Degraw*, 1 Halst. Ch. R., (New Jersey,) 346.

2. The reason that a mortgagor, in possession, is not bound to account to the first mortgagee, does not apply to the second mortgagee. The first mortgagee has a prior right to the possession by virtue of his superior title, and if the second mortgagee is prevented, by the previous entry and actual occupation of the first mortgagee, the first mortgagee must account to the second mortgagee for the rents and profits. 1 Hilliard on mortgages, 301. *Charles* v. *Dunbar*, 4. Met., 502.

3. That a prior mortgagee, in possession, is bound to account in favor of the second mortgagee for the rents and profits, is a necessary inference from the repeated decisions of the equity rule, established as the law of Massachusetts. *Gibson* v. *Crehore*, 5 Pick. R., 145. *Charles* v. *Dunbar*, 4 Met., 498. 7 Law Reporter, p. 22. *Newall and others* v. *Wright*, 7 Mass. R., 138. The case of *Baldwin* v. *Norton*, 2 Conn. R., 161, impliedly, at least, requires the first mortgagee to account to the second.

If a prior mortgagee, in possession, is not accountable to the second mortgagee, the effect is to prevent the mortgaged estate from being applied to the payment of the debts, for which it was intended it should be. The second mortgagee might be deprived of his whole security, when the estate is not full security for the plaintiff's debt. The defendants suffer no injury, or wrong, by compelling them to account to the plaintiff for the rents and profits, found by the committee to have been received by them to their own use, while in the actual possession of the property, after deducting from the

same the expenditures. The condition of their deed would then be fulfilled by the payment of their entire debt and interest, and they are entitled to nothing more.

4. If the defendant's mortgage has been satisfied, the plaintiff, as second mortgagee, has· the right to claim of the defendants, the rents and profits, which have not been accounted for to the mortgagor, to apply in extinguishment of his own mortgage. 1 Hilliard on Mortgages, 300, 301. *Parker* v. *Calcraft*, 6 Madd. R., 11, 12.

It is said that the defendants, having purchased the equity of redemption, are not accountable for the rents and profits to the plaintiff, as second mortgagee, for the reason, that they have acquired all the mortgagor's right in the estate.

But they acquired, by the purchase, nothing more than the right of redeeming the property from the incumbrance of the plaintiff's mortgage. The mortgagor had nothing more to convey, and it is to be presumed that they paid only what the property was worth, over and above the incumbrances.

5. The reason, assigned by the defendants, why they should not account to the plaintiff, might apply with force as between a mortgagee and mortgagor, but not as between the first and second mortgagees. The case of a first and second mortgagee is distinguished from the case of a mortgagor and mortgagee in an important particular. The first mortgagee, who has the equity of redemption, holds, as against the mort-·gagor, both the legal and equitable title to the property, and may perhaps be deemed the owner, as regards the mortgagor; but not as against the second mortgagee, whose intervening mortgage must be extinguished before he can be regarded as the owner of the property; for he holds the equity subject to the mortgage of the second mortgagee. The defendants are not required to account as owners of the property, but as mortgagees in possession. The intervening mortgage of the plaintiff, prevented a union of the defendants' legal and equitable title; there was no merger of the

two titles. 3 Pick. R., 475. The second mortgagee is privy, in estate, with the first mortgagee, and by force of his interest in the estate, has the right to claim that the rents and profits received, by the first mortgagee, should be applied in satisfaction of his, debt.

6. The defendants did not enter and take possession of the property, as purchasers of the equity of redemption; they took possession under their mortgage, and by virtue of that alone, they received the rents and profits ; they held and continued in possession, as mortgagees, and not as the owners of the property, and are bound to apply the use of the property to the extinguishment of the mortgage, under which they held possession. Having occupied the premises as mortgagees, they are presumed to have received the rents and profits under their title as mortgagees, and must account for them accordingly. *Gordon* v. *Lewis & al.*, 2 Sumn. R., 143, 146. *Saunders* v. *Frost*, 5 Pick. R., 258, 259.

*Palmer* and *Spencer*, for the defendants.

The defendants are not liable to account for the rents and profits after they purchased the equity of redemption, because,

1. The rents and profits are exclusively the property of the owner of the equity of redemption. In the hands of a mortgagee, in possession, they are payments on the mortgage debt, precisely like any other payments ; and a subsequent mortgagee has simply the right to claim that they shall be so considered. If the mortgagee in possession purchases the equity of redemption, from that time they belong to him. They are as much his estate, by virtue of the purchase, as the right to redeem. There is no case where one mortgagee is made to account to another mortgagee.

The defendants ought not to stand in any worse position than a third person, who might have purchased the equity, who would clearly not be liable to account.

2. In equity, the owner of the equity of redemption is regarded as the real owner of the property. The first mort-

gagee, having purchased the equity, has united in one person both the legal and equitable title. The second mortgagee has a mere equitable lien. If the owner of the equity is not liable to account to the first mortgagee, even though he has the record-title in fee, *a fortiori,* he ought not to be so liable to the second mortgagee. There is no case where the owner of the land is required to account to one who has a mere lien. Such liability is inconsistent with the very nature of ownership. The reason why a mortgagor, in possession, is not required to account, is that the mortgagee ought to take the legal remedy to get possession himself. 2 Sw. Dig., 211. But this reason applies as well to the second mortgagee as to the first. All he has to do is to redeem the first mortgagee, and then he will be the first mortgagee.

3. To hold the defendants liable to account to the plaintiff, is to hold that they are bound to manage the property for the benefit of the plaintiff. But this is inconsistent with the rights of an owner, who is at liberty to manage as he pleases. As owner, the defendants, like any other owner, may occupy the property themselves, may lease it, or may let it go unoccupied. They may give away the use of it if they please. They are not liable for waste. They are not bound to exercise their judgment, or their diligence, for the benefit of one who has a mere lien.

4. There is no privity between the first and second mortgagees. The mortgagor still remains primarily liable to the second mortgagee. *Non constat* that he will not pay the debt. Why should the purchaser of the equity of redemption keep an account of the rents and profits of his own land, for the benefit of a third party who very likely may get his debt from the mortgagor? The first mortgagee, buying the equity of redemption, may, if he sees fit, keep his two titles distinct, and afterward sell the equity, subject to both mortgages. In this case, his purchaser would not be liable to account, nor would the seller be liable to account for the money he received for it.

5. The purchase of the equity of redemption by the defendants, though it may have extinguished the mortgage debt, as against the mortgagor, did not have that effect against the second mortgagee. *Baldwin* v. *Norton,* 2 Conn. R., 161. And the debt, being thus kept alive, continues with all its incidents, one of which is the accumulation of interest; the debt, in this case, consisting of notes drawing interest, and the interest being as much a part of the debt as the principal.

WAITE, C. J. The principles, relating to the accountability for the rents and profits of mortgaged premises, are well settled. The only difficulty, in the present case, is, as to their application. If the mortgagor is suffered to remain in possession, he is not accountable for them to any one. He is considered, in equity, as the owner of the property, and the mortgagee as having but a lien, for the security of his debt. If the latter wishes to appropriate them to his own use, he must, in the first place, obtain the possession of the property. Until that is done, he has no claim to the income.

On the other hand, if the mortgagee takes possession, and receives the rents and profits, he becomes accountable for them, and is bound to apply the net proceeds, in reduction of his debt. As soon as they are received, equity makes the application, and they have the same effect, as any payment made by the mortgagor.

When the latter applies to redeem, he is required to pay no more than the balance of his debt, remaining due after the application of all payments made by him, and the net proceeds of all rents and profit, received by the mortgagee, while in possession.

Whenever a second mortgagee applies to redeem a prior mortgage, he stands in the same situation as the mortgagor; is entitled to the benefit of all payments made by him, and all rents received by the prior mortgagee, and is bound to

pay no greater sum, than the mortgagor would, upon an application made by him.

In this case, the defendants held the prior mortgages, and under them, entered and took possession of the premises, and thereupon became accountable for the rents and profits, in any suit, brought either by the mortgagor, or the subsequent mortgagee, for the redemption of their mortgages. And this is admitted by their counsel, at least so far as the mortgagor is concerned.

But after they had thus taken possession, they purchased the equity of redemption, and thus, in equity, became the owners of the whole property, subject only to the mortgage now holden by the plaintiff. They now claim that, from the time of such purchase, they stand in the situation of the mortgagor, and became no longer accountable for the rents and profits.

This question becomes important only in one event. The defendants, upon the present application, are put to their election, either to pay the plaintiff's debt, and take the property to themselves, or submit to be foreclosed of their equity of redemption, and permit the plaintiff to take the property upon payment of their debts secured by the prior mortgages.

In the former case, it is perfectly immaterial, whether they received the rents as mortgagees, or as assignees of the equity of redemption. In either case, they take the property upon the payment of the plaintiff's debt.

But, on the other hand, if they elect to be foreclosed of their right to redeem, and permit the plaintiffs to redeem their mortgages, and take the property, the inquiry becomes material, for the purpose of determining the amount which the plaintiff is required to pay, or in other words, the amount of their debts remaining unsatisfied.

As the defendants entered into possession of the property, in their character of mortgagees, received the rents and profits as such, and thereby became bound to apply them in part satisfaction of their debts, we are inclined to think, that, so

far as the plaintiff is concerned, they have not changed their position or accountability, by the mere act of purchasing the equity of redemption, but are to be considered as continuing in possession, in the same manner as when their occupancy commenced, and, of course, as accountable for all the rents and profits by them received. Our advice therefore is, that the decree be made, in conformity with the opinion here expressed.

In this opinion the other Judges Storrs and Hinman concurred.

Decree accordingly.