JUDSON WILCOX *vs.* CARL C. CHEVIOTT.

Aroostook.    Opinion December 6, 1898.

*Mortgage. Redemption. Law and Equity. Rents and Profits. Tender. Voluntary Payment. Mass. Stat. 1818, c. 98, § 3; Laws 1821, c. 180, § 2; R. S., c. 90, §§ 2, 22; Constitution of Maine, Art. X, § 1.*

The plaintiff purchased a farm subject to an existing mortgage. The mortgagee subsequently commenced proceedings for foreclosure by peaceable entry. He retained possession and took the rents and profits. Afterwards he sold and assigned the mortgage to a third party. Upon redemption, the assignee refused to make any allowance for rents and profits received by the mortgagee, and the plaintiff paid the assignee the full amount of the mortgage debt, interest, taxes and costs, without deduction. *Held;* that the plaintiff cannot maintain an action at law against the mortgagee for the rents and profits received by him.

At common law, the right to an accounting is cognizable only in equity, and when the mortgage is extinguished by redemption, the right to an account dies with it.

Revised Statutes, c. 90, § 22, affords a remedy only against the person to whom a tender has been made and who has received the money.

In this case upon the evidence, *it is held;* that the payment was voluntary and for that reason cannot be recovered back. Also assuming that it were otherwise and that an action would lie, it would lie against the assignee rather than against the defendant.

Massachusetts statute 1818, c. 98, § 3, is not in force in this State. Being " within the purview " of the Maine statute 1821, c. 39, § 6, it was repealed by the statute 1821, c. 180, § 2.

ON REPORT.

Action on account for rents and profits under foreclosure of mortgage. The jury returned a verdict of $75 by agreement for the plaintiff, subject to the opinion of the court as to whether the action is maintainable. Thereupon the parties agreed to report the case to the law court. They stipulated "that if the law court shall be of the opinion that the action is not maintainable, the verdict for plaintiff is to be set aside and judgment rendered for defendant; otherwise the verdict for plaintiff is to stand."

The case appears in the opinion.

*L. C. Stearns and W. B. Hall*, for plaintiff.

The defendant Cheviott has in his hands $75 that belong justly to the plaintiff; money that he cannot hold in equity and good conscience; and there ought to be, and is, power in the court, sitting on the common law side, to compel him to pay it back. *Wiseman* v. *Lyman*, 7 Mass. 288; *Arms* v. *Ashley*, 4 Pick. 71; *Moore* v. *Marshall*, 76 Maine, 168; *Brady* v. *Harvath*, 64 Ill. App. 254.

It would be an exceeding hardship to compel the mortgagor seeking redemption to resort to a suit in equity and remain out of possession of his home perhaps for a period of years while his suit dragged along its slow length through the court.

An action at law may be maintained under the laws of Maine. By a statute of Mass. 1818, c. 98, § 3, it is provided that if a mortgagor overpay the debt secured by the mortgage, by rents and profits or in any other manner, he shall be entitled to recover such excess in an action for money had and received. This statute still subsists in Mass. (Vide c. 181, § 43, Public Statutes of Mass.) By our Constitution, Article X, Section 1: "All laws now in force in this State, and not repugnant to this Constitution, shall remain and be in force, until altered or repealed by the Legislature, or shall expire by their own limitation." The laws of 1821, c. 180, called the "Repealing Act," do not repeal this statute of the Commonwealth of Mass. nor are we able to find that it has been subsequently repealed. Nor is it in any way inconsistent with the provision of our statutes, § 61 of ch. 81, giving the mort-

gagor a remedy by a bill in equity, but it rather affords a concurrent remedy.  If concurrent actions are found desirable in Mass. what reason can be perceived why they should not be allowed here?  It should seem that the cases of *Nugent* v. *Riley*, 1 Met. 117; *Wood* v. *Felton*, 9 Pick. 171; *Cazenove* v. *Cutler*, 4 Met. .246, are decisive of plaintiff's rights.

This action of money had and received, may be maintained if the defendant has made himself legally liable for the amount claimed, although he has in fact received no money.  *Floyd* v. *Day*, 3 Mass. 403; *Randall* v. *Rich*, 11 Mass. 494; *Emerson* v. *Baylies*, 19 Pick. 55; *Appleton* v. *Bancroft*, 10 Met. 237.

*Geo. H. Smith*, for defendant.

SITTING:  PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

SAVAGE, J.  This case comes up on report of the evidence. A verdict for the plaintiff was taken, by consent, with the stipulation that "if the law court shall be of opinion that the action is not maintainable, the verdict is to be set aside and judgment rendered for the defendant; otherwise the verdict is to stand."

From the report we gather the following facts:  January 7, 1895, the plaintiff purchased of one Babkirk a farm and woodland, subject to a mortgage previously given by Babkirk to the defendant, to secure the payment of $500, according to the tenor of certain promissory notes.  May 13, 1896, the notes being overdue and unpaid, the defendant commenced foreclosure of the mortgage by peaceable entry, in accordance with the statute.  The defendant remained in possession of the mortgaged premises, receiving the rents and profits, from that time until December 21, 1896, when he sold and assigned the mortgage and notes to William C. Spaulding.  April 1, 1897, the plaintiff gave the defendant written notice to acccount to him for the rents and profits of the farm while in his possession.  The defendant told him that Spaulding then owned the mortgage, and that he (the defendant) had nothing to do with it.  The plaintiff afterwards, having still the right

VOL. XCII.   16

to redeem, gave Spaulding a like notice. Spaulding refused to account for rents and profits, and required payment of the mortgage notes in full. Thereupon, May 1, 1897, the plaintiff paid Spaulding the full amount of the mortgage notes, interest, taxes and costs of foreclosure, no deduction being made for rents and profits. The plaintiff now brings this action at law to recover the rents and profits of the farm while in defendant's possession.

We think the action cannot be maintained. It is well settled that a mortgagor's remedy for the redemption of real estate lies only in a court of equity. *Pearce* v. *Savage*, 45 Maine, 90 ; *Cole* v. *Edgerly*, 48 Maine, 108 ; *Randall* v. *Bradley*, 65 Maine, 43. In jurisdictions where the doctrine prevails, as in this state, that the mortgage conveys the legal title ( *Gilman* v. *Wills*, 66 Maine, 275), the right of the mortgagor to an account of the rents and profits received by the mortgagee is purely and exclusively of equitable cognizance. At law the mortgagee cannot be made to account. 2 Jones on Mortgages, § 1115. He is the legal owner of the estate, and takes the rents and profits in that character. Unless the premises are redeemed, he is not bound to account for them in any proceeding. *Portland Bank* v. *Fox*, 19 Maine, 99. The mortgagor has a right of redemption only in equity, and the right to an account is incident only to this. Jones, supra ; *Seaver* v. *Durant*, 39 Vt. 103. Therefore, upon redemption, when the mortgage is extinguished, the incident of the right to an account dies with it. Accounting cannot afterwards be enforced either at law or in equity. In a bill to redeem, a mortgagor has ample remedy to enforce accounting, and even to compel the mortgagee to refund, if there has been overpayment. *Farwell* v. *Sturdivant*, 37 Maine, 308.

Such are the rules of the common law, and they have not been modified by our statutes, so as to affect this case. Revised Statutes, c. 90, § 2, recognizes the mortgagor's equitable right to an accounting for rents and profits received by the mortgagee in possession, in case, and only in case, the mortgage is redeemed ; and provides that "they shall be deducted from the sum due on the mortgage," not that they shall be recoverable from the mortgagee after

redemption. In section 22 of the same chapter, it is further provided that when money is brought into court in a suit for redemption, the court may deduct "therefrom the rents and profits with which the mortgage is chargeable." In the same section also is the provision that " the person to whom money is tendered to redeem such lands, if he shall receive a larger sum than he is entitled to retain, shall refund the excess." And under this special provision, it has been held that an action at law will lie. *Bragg* v. *Pierce*, 53 Maine, 65. But this will not aid the plaintiff in this case, because if otherwise applicable, this statute only affords a remedy against the person to whom a tender has been made, and who has received the money. No tender has been made to the defendant. He received no money from the plaintiff.

Other than this particular paragraph in section 22, all the statute provisions seem to contemplate equitable proceedings in compelling an accounting and the deduction of rents and profits from the sum due on the mortgage. The implication is that the deduction must be made at redemption, not afterwards.

The only cases we have been able to find where actions at law for rents and profits, or for overpayments, were sustained are those which were permitted by special statutes; *Bragg* v. *Pierce*, supra; *Wood* v. *Felton*, 9 Pick. 171; or where the overpayments were made under such circumstances of compulsion as to amount to duress in law. *Close* v. *Phipps*, 7 Man. & Granger, 586.

But even were the doctrine otherwise than as we have stated, there are other reasons why this action cannot be sustained. So far as the evidence shows, the payment made by the plaintiff was voluntary. The plaintiff asked for an accounting. Spaulding refused to account. The plaintiff seems to have chosen to pay rather than resort to the enforcement of his equitable rights. He was under no compulsion to do so. The equitable remedy was ample, and the time was ample within which to invoke it. Spaulding having refused to account, the plaintiff was excused from even making a tender, and could have maintained a bill to redeem without embarrassment on that score. *Roby* v. *Skinner*, 34 Maine, 270. But, on the contrary, he settled; he paid. The principle of volun-

tary payments applies. They cannot be recovered back. *Rawson* v. *Porter*, 9 Maine, 119; *Smith* v. *Readfield*, 27 Maine, 145; *Gooding* v. *Morgan*, 37 Maine, 419. The result is the same whether this action for money had and received be regarded as a suit to recover rents and profits as such, or to recover back a payment of more than was due. In substance it is the same thing.

Again. If any action could lie, it would lie against Spaulding, rather than against this defendant. When the defendant assigned the notes and mortgage to Spaulding, he assigned only what was equitably due upon them. That was all he had to assign. It was all he could assign. Spaulding took the mortgage and notes subject to an accounting for, and a deduction of, rents and profits, in case of redemption; and if any one should be held to account, it is Spaulding, who received the full amount due, without any deduction.

But notwithstanding all that has been said, the plaintiff insists that he is entitled to maintain this action by virtue of the plain provisions of a statute of Massachusetts, passed in 1818, c. 98, § 3, which he claims has never been repealed, and has always been, and now is, a part of the law of this State, though not found in any of our statute books. The Massachusetts statute in substance provided that if a mortgagor overpay the debt secured by the mortgage, by rents and profits or in any other manner, he may recover the excess in an action for money had and received. The plaintiff's position is this: This statute was in force at the time of the Act of Separation. By that Act, section 6, and by the Constitution, Art X, section 1, it was provided that "all laws now in force in this state . . . . shall remain and be in force, until altered or repealed by the Legislature." So the plaintiff properly concludes that the statute in question is now in force here, unless it has been repealed. Has it been repealed either in terms or by implication? We think it has. Chapter 180 of the Laws of 1821, called the "Repealing Act," and entitled "An Act repealing certain statutes therein named," does not in terms name the Massachusetts statute upon which the plaintiff relies. Section 1 repealed many acts named by title, but not this one. Section 2 enacted that "all

other acts and parts of acts passed by the Legislature of Massachusetts, and adopted by the Constitution of this State, the titles whereof are not particularly set forth in the first section of this act be, and the same are as respects this state, hereby repealed, so far as the same come within the purview of, or are inconsistent with any of the acts passed by this Legislature at the present session thereof." We think the Massachusetts act did come "within the purview" of chapter 39, passed by the same Legislature at the same session, entitled "An act respecting Mortgages, and the Rights in Equity of Redemption." That chapter in general provides a remedy for redemption by bill in equity, provides for an accounting, for a deduction of rents and profits from the sum due on a mortgage; and, in section 6, makes specific provision for the recovery of the excess, in case of overpayment. This certainly embraces the subject matter of the Massachusetts statute. The provisions are not identical, but that is not necessary. They are so closely analogous as to leave no doubt that the one is "within the purview" of the other. Hence, the Massachusetts statute was repealed by section 2 of chapter 180 of the Laws of 1821.

In accordance with the stipulations, the entry must be,

*Verdict set aside. Judgment for the defendant.*