GALLAGHER *vs.* AROOSTOOK FEDERATION OF FARMERS.

Aroostook.　　Opinion, November 5, 1938.

*Pattangall, Goodspeed & Williamson,*
*Pendleton & Rogers,* for plaintiff.
*O. L. Keyes,*
*David Solman,* for defendant.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.   Bill in equity for redemption of chattel mortgage and for an accounting. The cause was before the Court previously on appeal from decree of a single justice and is reported in 135 Me., 386, 197 A., 554. The appeal was sustained in one particular only and the cause was remanded for further hearing upon that point. On May 7, 1936, a crop of potatoes, to be raised during the following summer season, was mortgaged by the plaintiff to the defendant. The crop as harvested was placed in hired storage by the defendant against the protest of the plaintiff. Upon the accounting a charge of $922.50 for such storage was disallowed. In the former decision by this Court, it was held under the circumstances of the case that the defendant was not entitled to possession of the potatoes until default, and not entitled to any charge for storage until that time. The decision proceeds:

"The mortgage was in default on December 2 (1936) when foreclosure proceedings were instituted. There can be no denial of the right to charge for storage from that time. . . . The defendant being entitled to possession from December 2, and to all reasonable and actual expenses in caring for the potatoes from that time, the proper amount for storage must be allowed. As it does not appear of record what such amount would be, it must be determined by the sitting Justice."

From the findings made by the sitting Justice upon further hearing, it appears that he conceived his duty to be "to determine from pertinent evidence what actual expenses were incurred by defendant in caring for the potatoes from December 2 until dates of sales." He found in effect that a flat charge for storage of potatoes at the rate of fifteen cents per barrel attached as soon as the bins were used, entitled the defendant to such use for the entire season from September to June, but was subject to no discount for removal of any or all of the potatoes in the interim.

Decree held the defendant not entitled to a modification of the original decree and the storage charge was again disallowed.

Exceptions to this decree and to the exclusion of certain testimony relative to the cost of storage during the time that the pota-

toes were lawfully in the possession of the defendant, bring the case forward.

As to the testimony excluded, no prejudicial error appears as the record is already sufficiently clear that the storage paid the warehousemen is the same whether for the whole or a part of the season. If the defendant had not taken possession until lawfully entitled to do so, the amount properly chargeable for storage against the plaintiff would have been the sum actually paid for the entire time.

The point arising under the exception to the decree is that each side seeks to cast upon the other the entire expense of storage, the plaintiff upon the ground that such expense had been incurred by the defendant while it was wrongfully in posssession, and the defendant that the cost of storage from the time when it became entitled to possession would be the same amount and, therefore, should be entirely charged against the plaintiff.

It must be borne in mind that accounting between mortgagor and mortgagee belongs exclusively to the jurisdiction of the Court in Equity. (Pomeroy's Eq. Jur., Par. 1218) and in stating accounts determination must be governed by the equities between the parties. Ofttimes the amount for which a party is charged or credited depends not upon the actual sum received or paid. It is not necessarily a matter of contractual relations between the parties. The fundamental doctrine that he who seeks equity must do equity has cogent force. Many cases of this character illustrate its application. *Rowell* v. *Jewett*, 73 Me., 365 at 369; *Wilcox* v. *Cheviott*, 92 Me., 239, 42 A., 403; *Bradley* v. *Merrill*, 88 Me., 319, 34 A., 160; *Miller* v. *Ward*, 111 Me., 134, 88 A., 400; *Exchange State Bank* v. *Farmers State Bank* (Kan.), 237 P., 936; *Whiting* v. *Adams*, 66 Vt., 679, 30 A., 32.

The mortgagee being lawfully in possession from December 2, 1936 to April 2, 1937 was under the duty to care for and protect the property. If it had storage space of its own and incurred no actual expense, it would still be entitled to a reasonable charge. The plaintiff lost his right of possession through his own default. He still was entitled to and had the benefit of the care taken of the mortgaged property by the defendant. It is equitable that he should account for a reasonable charge therefor.

Accordingly, as to the decree of the sitting Justice in this particular, the entry must be

*Exception sustained.*
*Decree modified as opinion indicates.*
*Cause remanded.*