## Dime Savings Bank of Hartford *v.* Allen Cleveland Bragaw, Executor and Trustee, et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued February 8—decided March 8, 1939.

*John A. Markham* and *James E. Cannon*, for the appellants (defendants).

*Willis G. Parsons*, for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff owned a mortgage upon certain premises in Hartford and brought this suit to foreclose it. From the admitted allegations in the pleadings it appears that some time previously to the bringing of the action the plaintiff and Alfred Cleveland Bragaw as executor and trustee of the estate of Isaac Bragaw, deceased, entered into an agreement which recited that Bragaw was owner of the premises and that the purpose of the agreement was to give the plaintiff additional security for the debt, and by which possession of the property was surrendered to the plaintiff and the right to collect rents from it was assigned to the plaintiff. It was further admitted in the pleadings that the plaintiff went into and continued thereafter in possession of the premises. In a cross-complaint the defendants claimed an accounting by the plaintiff of the rents it had received. Later the defendants made a motion for the appointment of a receiver of rents, but the trial court denied it. Judgment of foreclosure was entered under date of August 24, 1936. It found the amount then due upon the

debt, fixed dates for redemption, the last of which was September 16, 1938, and decreed that the sum to be paid in order to redeem was the amount of the debt as determined in the judgment with interest from the date it was rendered to the time of redemption, and that if the plaintiff did not continue its status of a mortgagee in peaceful possession of the premises the defendants should deliver possession to it, with a stay of execution until September 17, 1938.

On that day the defendants made a motion which recited that the days fixed for redemption had passed and the plaintiff had appropriated the property; that it had continued in possession and accounted for all rents received up to the date of the judgment which, by consent of the parties, had been applied upon the debt; that since the date of judgment it had collected rents and accounted monthly to the defendants; and that it had in this way accumulated a considerable fund as additional security for the mortgage; and the defendants asked an order that this sum be turned over to them. The plaintiff, in an answer to the motion, admitted that it had continued in possession of the property and collected the rents, but alleged that it had applied them against the mortgage debt so that no fund arising from the income of the property remained in its hands, and asked that the defendants' motion be denied, and that the court instruct the defendants that there was no fund in court or elsewhere over which it had jurisdiction, that it had no authority to grant the motion, that the plaintiff's right to apply the rentals against the debt was res adjudicata, and that the defendants' remedy, if any, was an action for accounting. The trial court entered an order denying the motion and stating conclusions in the terms asked by the plaintiff in its answer.

At the hearing on the motion, the only evidence

produced was as to the value of the property and there was no basis for a finding of any facts except as to that of value. *Luth* v. *Butwill,* 119 Conn. 697, 698, 176 Atl. 552. Statements of facts in a memorandum of decision do not take the place of a finding for an appeal. *Shannon* v *Mereness,* 89 Conn. 284, 285, 93 Atl. 529. The question of the value of the property at the time of the hearing on the motion is not involved in our decision, and that aside, we are confined to the consideration of facts appearing upon the record of the case.

When a mortgagee enters into possession of mortgaged property he has the right to collect rentals, but if he does, the mortgagor may require that they be applied upon the debt, and to this extent the mortgagee is accountable to him. *Desiderio* v. *Iadonisi,* 115 Conn. 652, 654, 163 Atl. 254; *Hartford Realization Co.* v. *Travelers Ins. Co.,* 117 Conn. 218, 228, 167 Atl. 727. A judgment of foreclosure determining the debt and fixing a future day when, if there is no redemption, the property will vest in the mortgagee does not alter the relationship between the parties as regards rents collected by a mortgagee in possession. The mortgagor may require that any such rentals collected after the judgment was rendered shall be credited upon the debt, and that on redemption he be required to pay only the amount of the debt as determined in the judgment with interest, less any rentals so applicable to its reduction. The right of the mortgagor is not to receive the rentals so collected, but to require their application to reduce the amount he must pay in order to redeem. The reduction of the debt in this way is but the application to it of something which primarily belongs to the mortgagor; as Vice Chancellor Leaming said in *Doyle* v. *Di Medio,* 99 N. J. Eq. 23, 24: "The duty to allow the credit flows from the status

of a mortgagee in possession, and is of the same nature as a payment on the mortgage; the claim of a right to the credit is merely a matter of ascertainment of the amount due on the mortgage." *Harrison* v. *Wyse,* 24 Conn. 1, 7; *Gaskell* v. *Viquesney,* 122 Ind. 244, 248, 23 N. E. 791. If the mortgagor does not seek to redeem he has no right to recover the rentals received by the mortgagee. *Wilcox* v. *Cheviott,* 92 Me. 239, 242, 42 Atl. 403; 2 Jones, Mortgages (8th Ed.) § 1427.

The trial court in its memorandum of decision treated the agreement between the parties as merely a means of putting the plaintiff in possession of the property with the ordinary rights of a mortgagee in possession. Regarding the agreement from that standpoint, the judgment of foreclosure may have been erroneous in not providing that the defendants should have the benefit of the rents collected after the judgment of foreclosure was rendered in reduction of the sum they were required to pay in order to redeem; but as no steps were taken by appellate proceedings or a motion to open the judgment to correct it in this regard, the judgment must stand and the defendants cannot, under their motion, recover the amount of the rents collected as something to which they are entitled, apart from their right to redeem the property. If, on the other hand, the agreement can be regarded as giving to the plaintiff a right to collect the rents in order to afford a separate additional security for the payment of the mortgage debt, any rights the defendants might have to recover the rents collected would have to be asserted in an independent action based upon the principle that where a debt has been satisfied the debtor can require a restoration to him of any property held by the creditor as security for it. *Saposnick* v. *Kenig,* 121 Conn. 253, 256, 184 Atl. 584; Restatement, Restitution, p. 643. From either

standpoint the trial court was correct in denying the motion.

There is no error.

In this opinion the other judges concurred.