CARMELA C. MILICI v. SALVATORE M. FERRARA

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

142

Argued June 5—decided July 16, 1946

*Alfonse C. Fasano,* with whom was *Horace F. Trotta,* for the appellant (defendant).

*George E. Beers* and *J. J. Henry Muller, III,* with whom, on the brief, was *William L. Beers,* for the appellee (plaintiff).

ELLS, J. Antonio Milici had a second mortgage on real estate located in New Haven. Girolamo Di-Natale had a third mortgage, a one-third interest in which he had assigned to Salvatore Ferrara. In 1933 Milici brought a foreclosure against the owners of the property and DiNatale. Ferrara was not made a party defendant. No one redeemed, judgment was entered, and a certificate of foreclosure filed. Milici then conveyed the property to his wife, and she has been in possession since 1933. In 1944 she arranged to sell the property, and the title search revealed Ferrara's unforeclosed interest. She brought this action of foreclosure against Ferrara only and alleged that Milici had inadvertently omitted to name him as a defendant in the prior foreclosure action. Ferrara denied this allegation

and filed a cross-complaint to foreclose his mortgage interest. He alleged that Milici's failure to make him a defendant was intentional and was in pursuance of an agreement that if Ferrara would prevail upon his two partners in a contracting business to waive rights to a mechanic's lien and accept a third mortgage Milici would not foreclose Ferrara's interest in the mortgage and that after Milici's second mortgage indebtedness had been satisfied from the rents he would either convey the property to the contractors or retain it and pay them the amount of the mortgage.

The trial court decided that the omission of Ferrara as a defendant was inadvertent and that neither Milici nor his wife made the agreement alleged. Judgment was entered for the plaintiff upon the complaint, and a decree foreclosing the defendant's rights unless he should redeem was granted. He failed to do so. Judgment on the cross-complaint was also for the plaintiff. The defendant appealed.

We consider first the judgment on the complaint. The court stated in its memorandum of decision that the action was brought under General Statutes, Supplement 1941, § 693f, which provides that: "When a mortgage or lien on real estate shall have been foreclosed and one or more parties owning any interest in or holding an incumbrance on such real estate subsequent or subordinate to such mortgage or lien shall have been omitted or not been foreclosed of such interest or incumbrance, because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred, and shall not retain any equity or right to redeem such foreclosed

real estate; and such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title." The parties have argued at length concerning the question of the inadvertence of the omission. If the statute controls, the issue of inadvertence is unimportant in view of the "or for any other reason" provision. Ferrara is the only defendant. Before the statute, if a first mortgagee foreclosed the mortgage without making a second mortgagee a party to the proceeding the second mortgagee might redeem the first mortgage, and the mortgagor, still having a right to redeem the second mortgage, might, by so doing, acquire the right of the second mortgagee to redeem the first. *Loomis* v. *Knox,* 60 Conn. 343, 350, 22 A. 771; 2 Jones, Mortgages (8th Ed.) § 1355. The statute has no effect upon the rights of the parties where a second mortgagee brings an action to foreclose a third mortgagee who has not been made a party to a previous action of foreclosure brought by the former. The judgment entered in the present case gave the third mortgagee the same right he would have had if the statute had not been passed, namely, the right to redeem Milici's mortgage.

The cross-complaint alleged the agreement heretofore described, and the defendant claims that, by virtue of it, his mortgage gained priority over that of Milici. It is not necessary to consider this contention further than to point out that the trial court found that there was no such agreement, and that it

could reasonably reach that conclusion upon the evidence.

The parties stipulated that the amount due upon Milici's second mortgage was $5499.27, and the judgment was for that sum. Ten days after the entry of judgment the defendant filed an application to have it reopened for the purpose of permitting evidence to be received which would prove the amount of money received by the plaintiff as profit and income from the property for which no credit was given to the defendant. The court denied the motion. In his motion to reopen the judgment the defendant apparently sought an accounting of the rents and profits. He had stipulated as to the amount of the judgment. He did not raise the question at the trial. Under these circumstances the court exercised a proper discretion in denying the motion. *McPartland* v. *Beaumart, Inc.,* 124 Conn. 539, 542, 200 A. 1018. Furthermore, the defendant had no right to an accounting. An owner in possession is entitled to the rents and profits; if the mortgagee is in possession, it is his duty to apply them on the debt, should the owner seek redemption, and the owner may require him to account for them. *Desiderio* v. *Iadonisi,* 115 Conn. 652, 654, 163 A. 254; *Dime Savings Bank of Hartford* v. *Bragaw,* 125 Conn. 281, 284, 4 A.2d 924. While as between a junior and a senior mortgagee the former, on redeeming, can ordinarily require the latter to account for the rents and profits, the sound rule is that as there is no contractual relationship between them the junior mortgagee's rights must be worked out through the mortgagor, and if the mortgagor has lost the right the junior mortgagee cannot assert it. In *Gaskell* v. *Viquesny,* 122 Ind. 244, 23 N. E. 791,

a junior mortgagee was omitted from a foreclosure proceeding as in the present case, and the above rule was applied, with the result that in an action he brought to redeem from a prior mortgagee he was denied the right to an accounting of the profits. See *Gault* v. *Equitable Trust Co.*, 100 Ky. 578, 38 S. W. 1065; 2 Jones, Mortgages (8th Ed.) § 1430.

Since the defendant could only have prevailed upon his cross-complaint by satisfying the court that Milici had made the agreement alleged in it, the court's finding to the contrary rendered the affirmative defenses demurred to, and consequently the overruling of the demurrer thereto, immaterial.

There is no error.

In this opinion the other judges concurred.