## Contoura Business Products, Inc. *v.* TLD, Inc.
## (2385)

Dannehy, C.P.J., Testo and Hull, Js.

Argued March 7—decision released May 15, 1984

*Stuart A. Margolis,* with whom, on the brief, was *Jonathan J. Einhorn,* for the appellant (plaintiff).

*John F. Slane, Jr.,* with whom, on the brief, was *Francis X. Lennon, Jr.,* for the appellee (defendant).

Per Curiam. The plaintiff appeals[1] from the judgment for the defendant on the plaintiff's claim for the balance due on a copying machine purchased by the defendant, and for the defendant on its counterclaim for the return of both the money paid and the used copying machine given in payment toward the purchase of the new copying machine.

The underlying facts found by the court and set forth in the memorandum of decision and the record are as follows. The defendant uses copying equipment in its engineering and surveying business. The defendant purchased the machine after being assured by the plaintiff's salesman that the machine could be adjusted to the satisfaction of the buyer. The machine was delivered on November 29, 1979, and, despite six weeks of

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

service calls by representatives of the plaintiff, the machine could not be adjusted so as to meet the defendant's needs. The plaintiff gave up trying to adjust the machine and, by letter of January 23, 1980, suggested that the defendant redesign the survey forms it produced in order to accommodate the machine. The defendant replied by letter of January 29, 1980, stating that the machine was not operating as represented and that it was rejecting the machine pursuant to General Statutes § 42a-2-601. The defendant requested that the plaintiff make arrangements to pick the machine up and return the cash paid and the machine traded in by the defendant at the time the new copier was purchased.

Although the copying machine had, since January 29, 1980, continuously been available for the plaintiff to pick up, the plaintiff had never done so. The defendant made some use of the machine between January 29, 1980, and April 8, 1980. The defendant permitted a charitable organization to make limited use of it up until June 14, 1982, the date of judgment.

The court found a breach of contract; a breach of the implied warranty of merchantability under General Statutes § 42a-2-314; a breach of express warranties under General Statutes § 42a-2-313; and a breach of the implied warranty of fitness for a particular purpose under General Statutes § 42a-2-315. The court further found that the defendant's rejection of the machine was timely and proper, in accordance with General Statutes §§ 42a-2-601 and 42a-2-602, and that it was clearly proven that the defendant never accepted the machine pursuant to General Statutes § 42a-2-606. The court finally found that the defendant's use of the machine between January 29, 1980, and April 8, 1980, and the limited use by the local Lion's Club were not sufficient to constitute acceptance of the machine or to affect the validity of the rejection. The court found for the defend-

ant on the plaintiff's complaint and for the defendant on its counterclaim for the return of the $2000 payment and the machine traded in. The court held that if the machine traded in was not returned, then judgment in the amount of $4090 would be rendered for the defendant.

The plaintiff's appeal is a patent attempt to get this court to retry the facts. "This court will not reverse the decision of the trial court unless it is found to be 'clearly erroneous in light of the evidence and the pleadings in the record as a whole.' *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see Practice Book § 3060D. Weighing the evidence is the function of the trier of fact and this court will not usurp that role. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981)." *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983).

The defendant's use of the machine was only for its "in-house" purposes and not for the purpose for which it was purchased. The crucial question of whether the defendant's limited use of the copier resulted in acceptance or rejection of the machine is purely a factual finding for the trial court's determination.

The plaintiff does not claim that it was deprived of a full and fair hearing; it raises no evidentiary claims of error. The plaintiff asks instead that we overturn the factual findings of the trial court. See *Superior Wire & Paper Products, Ltd.* v. *Talcott Tool & Machine, Inc.,* 184 Conn. 10, 17, 441 A.2d 43 (1981). The judgment of the court was not clearly erroneous.

There is no error.