ABACUS MORTGAGE INSURANCE COMPANY v.
WHITEWOOD HILLS DEVELOPMENT
CORPORATION ET AL.
(2640)

HULL, BORDEN and SPALLONE, Js.

Argued June 6—decision released August 28, 1984

*Robert C. DuBeau,* with whom, on the brief, was *Susan M. Boyan,* for the appellant (defendant Robert M. Levintan).

*Robert L. Keepnews,* for the appellee (plaintiff).

SPALLONE, J. This is an appeal[1] from a judgment of strict foreclosure, brought by the defendant Robert M. Levintan, whose interest in certain rental property located in Waterbury is based on two attachments, each in the amount of $306,000. The named defendant is the mortgagor, Whitewood Hills Development Corporation (Whitewood).[2]

On February 29, 1980, Whitewood executed a mortgage deed and note in the principal amount of $1,750,000 in favor of the plaintiff, Abacus Mortgage Investment Company (Abacus). The mortgage deed provided that Abacus was to retain $200,000 of the proceeds of the note in escrow. Whitewood was to have no interest obligation on the escrow fund which was to be applied by Abacus to the payment of interest, principal or other amounts due under the note and mortgage. The note fixed the interest rate at 3 percent above the prime rate in effect at the time any payment was due. The prime rate was defined as that varying rate of interest per annum equal to the highest rate announced by the Continental Illinois National Bank and Trust Company of Chicago, Illinois (the bank), as being charged to its largest and most creditworthy corporate borrowers in that city for ninety day unsecured loans.

The plaintiff used the $200,000 escrow fund to pay the interest due until the fund was depleted. The plaintiff, during this period, received notice of the prime rate by mail from the bank and mailed out monthly state-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] As used in this opinion, "defendant" hereinafter refers to Robert M. Levintan, the sole appellant.

ments to Whitewood showing the applicable interest rate. After a dispute arose between the plaintiff and Whitewood, the plaintiff ceased mailing out the monthly statements. The debt, in addition to being secured by the mortgage, was also secured by an assignment of rents and leases. Whitewood defaulted on the loan in November, 1980, and a foreclosure action was commenced in May, 1981. Subsequent encumbrances, including Levintan's attachments, totalled $894,907.91. Municipal liens for real estate taxes and water charges stood in excess of one half million dollars. Since about November 1, 1981, the Dundee Labor Force (Dundee) had been managing the property and collecting rents pursuant to an agreement among Whitewood, Dundee and the plaintiff.

On September 26, 1983, the trial court granted the plaintiff's motion for judgment of strict foreclosure. The court also found, inter alia, that the amount of the debt Whitewood owed to the plaintiff was $2,548,962.51; that there was not sufficient evidence in the record to support the claim that the plaintiff was in possession of the property and thereby obligated to apply the rental income to the debt; and that a sale of the property would not benefit any of the parties, as there was no equity in the property.

On appeal, the defendant claims error in the court's finding of interest and thereby in its finding of the amount of the debt; in its finding that the plaintiff was not obligated to apply the rental income to reduce the debt; and, finally, in its decision that a judgment of strict foreclosure was an appropriate remedy in this case.

The court correctly ascertained the rate of interest and the interest due. The trial judge had before him the mortgage deed and note. These documents, along with the testimony and the exhibits introduced at the

trial, support his conclusions as to the debt. The court's finding of the applicable interest rate was made on the basis of its observation of and conclusions drawn from the evidence at the hearing. That finding cannot and will not be disturbed. The interest and the debt were determined by the court after a full hearing held over two days. The defendant is asking us to retry the case. We cannot. On appeal, the function of this court is limited solely to the determination of whether the decision of the trial court is clearly erroneous. Practice Book § 3060D; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Ram Roofing & Sheet Metal Co.* v. *A.B.C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 56, 475 A.2d 341 (1984). It is the province of the trial court to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976); *Essex Savings Bank* v. *Leeker,* 2 Conn. App. 98, 102, 476 A.2d 1071 (1984). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found, thereby establishing that the trial court could reasonably conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280–81, 471 A.2d 651 (1984). There is no merit to the assertion that the court erred in its finding of the applicable interest rate in establishing the judgment debt.

The defendant's second claim, that the plaintiff should have applied some of the rental income to reduce the mortgage debt, is also without merit. The trial court found that there was not sufficient evidence to support the claim that the plaintiff was a mortgagee in possession of the property and therefore required to use the rent to reduce the debt. See *Milici* v. *Ferrara,*

133 Conn. 141, 145, 48 A.2d 562 (1946); *Desiderio* v. *Iadonisi,* 115 Conn. 652, 654, 163 A. 254 (1932). The court also found that the agreement between the plaintiff and Whitewood permitted the plaintiff to allocate, as it saw fit, the rental income among various expenses of the property. We cannot find, on the basis of the record before us, that the trial court's conclusion was clearly erroneous. *Fairfield County National Bank* v. *DeMichely,* 185 Conn. 463, 465, 441 A.2d 569 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221-22, 435 A.2d 24 (1980); *Contoura Business Products, Inc.* v. *TLD, Inc.,* 1 Conn. App. 690, 692, 474 A.2d 1265 (1984).

The final issue raised by the defendant is whether the judgment of strict foreclosure best protects the interests of the parties. The only evidence of value presented to the court was the plaintiff's appraisal. The defendant did not produce any witnesses to refute the plaintiff's evidence. The debt found by the court greatly exceeds the value of the property. The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. *Constitution Bank & Trust Co.* v. *Robinson,* 179 Conn. 232, 238, 425 A.2d 1268 (1979); *City Savings Bank* v. *Lawler,* 163 Conn. 149, 155, 302 A.2d 252 (1972). We cannot, in this case, find any abuse of discretion by the trial court in its finding that a judgment of strict foreclosure best protects the interests of all the parties. The trial court wisely refused, in the exercise of its discretion, to impose upon the plaintiff the additional costs and expense of a foreclosure by sale. *Bradford Realty Corporation* v. *Beetz,* 108 Conn. 26, 31, 142 A. 395 (1928). We find that the court, in rendering a judgment of strict foreclosure, acted within its sound discretion.

There is no error.

In this opinion the other judges concurred.